# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DIANA L. BROOKBANK,

    Plaintiff,

v.                                                                                      No. CV 17-142 CG

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Diana L. Brookbank's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum* (the "Motion"), (Doc. 16), filed August 21, 2017; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 18), filed October 19, 2017; and Plaintiff's *Reply in Support of Plaintiff's Motion to Reverse and Remand for a Rehearing with Supportive Memorandum*, (Doc. 19), filed November 2, 2017.

On March 25, 2013, Ms. Brookbank applied for disability insurance benefits and supplemental security income claiming disability beginning August 8, 2008. (Administrative Record "AR" 208-18). In both applications, Ms. Brookbank claimed post-traumatic stress disorder, depression, anxiety, and obsessive compulsive disorder limited her ability to work. (AR 76, 89). Ms. Brookbank's applications were denied initially on August 27, 2013, (AR 76-101), and on reconsideration on October 17, 2013, (AR 104-31). Ms. Brookbank requested a hearing before an Administrate Law Judge ("ALJ"), (AR 149-51), which was granted, and a hearing was held on September 25,

2015 before ALJ Lillian Richter, (AR 37-75). Ms. Brookbank represented herself and testified at the hearing, and Leslie J. White, an impartial vocational expert ("VE"), also testified. (AR 33-34).

On November 9, 2015, ALJ Richter issued her decision finding Ms. Brookbank not disabled at any time from her alleged onset date through the date of the decision. (AR 32). Ms. Brookbank requested review by the Appeals Council, (AR 16), which was denied, (AR 5-8), making the ALJ's decision the Commissioner's final decision for purposes of this appeal.

Ms. Brookbank has appealed the ALJ's decision, arguing the ALJ committed reversible error by failing to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (Doc. 16 at 1). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the ALJ did not err in failing to resolve any conflict, the Court finds Ms. Brookbank's application should be **DENIED**.

**I.     Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008); *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760

(10th Cir. 2003). The ALJ's failure to apply the correct legal standards or demonstrate that he has done so is grounds for reversal. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting" it. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015), 42 U.S.C. § 1382c(a)(3)(A) (2004); 20 C.F.R. § 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five the Commissioner must show the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III. Background

Ms. Brookbank applied for supplemental security income and disability insurance benefits claiming post-traumatic stress disorder, anxiety, depression, and obsessive compulsive disorder limited her ability her work. (AR 76, 89). At step one, the ALJ found Ms. Brookbank had not engaged in substantial gainful activity since her alleged onset date. (AR 23). At step two, the ALJ determined Ms. Brookbank has three severe

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

impairments: an anxiety related disorder, an affective disorder, and a substance dependence disorder. *Id.* At step three, the ALJ found Ms. Brookbank's impairments do not, either singly or in combination, meet or medically equal the severity of a Listed impairment. (AR 25).

At step four, the ALJ found that Ms. Brookbank has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: she is limited to performing simple, routine, and repetitive tasks; she is unable to work in close proximity with others without becoming distracted from work tasks; she cannot work at production pace but can meet end-of-day goals; she can interact frequently with supervisors and the public, but can only interact occasionally with coworkers; and she can tolerate few changes in the routine work setting. (AR 26). The ALJ based this RFC on her review of Ms. Brookbank's self-reported symptoms and the medical evidence in the record. (AR 26-30).

Proceeding to step five, the ALJ determined that Ms. Brookbank has no past relevant work, qualifies as an individual closely approaching advanced age, has a high school education, and is able to communicate in English. (AR 31). At the hearing, the VE testified that an individual with Ms. Brookbank's qualifications and RFC could perform the jobs of waitress, laundry attendant, shipping and receiving weigher, hand packager, and ticket taker, as those jobs are defined in the DOT. (AR 71-73). Based on the VE's testimony, the ALJ concluded that Ms. Brookbank can perform jobs existing in significant numbers in the national economy. *Id.* at 31-32. Accordingly, the ALJ held that Ms. Brookbank was not disabled from her alleged onset date through the date of her decision. *Id.*

## IV. Analysis

In her Motion, Ms. Brookbank asserts that the VE's testimony conflicted with the DOT and that the ALJ failed to resolve the conflict. As discussed, the VE testified Ms. Brookbank can perform five jobs as the DOT defines them. The DOT defines occupations, in part, by the "reasoning development level" or "reasoning level" required to perform the occupation. (Doc. 18 at 5). Reasoning levels describe a job's requirements regarding understanding instructions and dealing with variables. They range from level one to level six, with one being the simplest and six the most complex.

Three of the jobs the VE identified require reasoning level three, while the other two require reasoning level two. Level three reasoning requires the ability to "[a]pply commonsense understanding to carry out written, oral, or diagrammatic" instructions and "[d]eal with problems involving several concrete variables in or from standardized situations." *Id.* Reasoning level two requires applying commonsense understanding to written and oral (but not diagrammatic) instructions and dealing with problems involving few (rather than several) concrete variables. *Id.* Ms. Brookbank argues that her limitation to simple, routine, and repetitive tasks is inconsistent with both reasoning levels two and three. (Doc. 16 at 2-16). Therefore, she argues the VE's testimony that she can perform those jobs conflicts with the DOT.

In Response, the Commissioner concedes that the DOT and the VE's testimony conflict as to the level three reasoning jobs. (Doc. 19 at 5). But, the Commissioner argues the VE's testimony does not conflict as to the remaining level two reasoning jobs, hand packager and ticket taker. *Id.* The Commissioner maintains that the ALJ's

6

error is harmless because Ms. Brookbank can work as a hand packager or ticket taker, and those jobs exist in significant numbers in the national economy. *Id.* at 7.

In her Reply, Ms. Brookbank insists that, given her RFC, she is incapable of performing any of the jobs the VE identified. She states that, on the contrary, she is limited to jobs with reasoning level one, which requires the ability to understand and follow simple one- or two-step instructions. (Doc. 19 at 5). She does not contest the Commissioner's assertion that hand packager and ticket taker exist in significant numbers in the national economy.

At step five of the SEP, the ALJ must "investigate and elicit a reasonable explanation for any conflict" between the DOT and a VE's testimony. *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). In *Hackett v. Barnhart*, the Tenth Circuit held that a limitation to "simple and routine work tasks" "seems inconsistent with the demands of level-three reasoning" and "appears more consistent" with level-two reasoning. 395 F.3d 1168, 1176. Courts have consistently relied on *Hackett* in finding a conflict between a limitation to "simple" tasks and jobs with reasoning level three. *See, e.g.*, *Paulek v. Colvin*, 662 Fed. Appx. 588, 594 (10th Cir. 2016) (unpublished). Additionally, in *Stokes v. Astrue*, the Tenth Circuit stated that a limitation to simple, repetitive, and routine work "is consistent with the demands of level-two reasoning." 274 Fed. Appx. 675, 684 (10th Cir. 2008) (unpublished). The *Stokes* court rejected the claimant's argument that a limitation to "simple, repetitive, and routine work should be construed as a limitation to jobs with reasoning level-rating of one." *Id*.

This Court has reached different conclusions regarding reasoning level two depending on the circumstances. In two cases, the Court has held that a limitation to

7

understanding, remembering, and carrying out simple instructions did not conflict with level-two reasoning. *Kerr v. Berryhill*, 2017 WL 3531506, at *13-14 (D.N.M. Aug. 16, 2017) (unpublished); *Parrish v. Berryhill*, 2017 WL 2491526, at *3, 8-9 (D.N.M. Apr. 12, 2017) (unpublished). In *Flores v. Berryhill*, the Court held that the ALJ failed to resolve a conflict between the VE's testimony and the DOT because the claimant had limited English skills. 2017 WL 3149353, at *5-9 (D.N.M. June 2, 2017) (unpublished). The Court found the claimant's limited ability to speak and inability to read English affected his ability to perform jobs with level-two reasoning. *Id.* at *7. Finally, the Court has held that a limitation to "very simple instructions" was inconsistent with reasoning level two and seemed more consistent with reasoning level one. *Collins v. Colvin*, No. CV 14-864 CG, (Doc. 28 at 28).

In this case, the ALJ limited Ms. Brookbank to performing simple, routine, and repetitive tasks and found Ms. Brookbank unable to work in close proximity with others without becoming distracted from work tasks; unable to work at production pace but able to meet end-of-day goals; able to interact frequently with supervisors and the public, but only occasionally with coworkers; and able to tolerate only few changes in her routine work setting. (AR 22). Reasoning level two requires carrying out "detailed but uninvolved written or oral instructions" and dealing with "a few concrete variables in or from standardized situations." (Doc. 18 at 6). Pursuant to *Hackett* and *Stokes*, Ms. Brookbank's limitations do not inherently conflict with reasoning level two. *Hackett*, 395 F.3d at 1176; *Stokes*, 274 Fed. Appx. at 684.

Ms. Brookbank also has other nonexertional limitations, but they do not relate to her ability to apply commonsense understanding, follow instructions, or deal with

8

variables. Instead, they relate to her work environment. For example, Ms. Brookbank is unable to work in close proximity with others without becoming distracted and cannot keep production pace. These restrictions are different than the restrictions in *Collins* and *Flores*. In *Flores*, the Court remanded to clarify whether the claimant could understand and carry out instructions that were "presumably in English." 2017 WL 3149353, at *5-9. In *Collins*, the claimant was explicitly limited to following "very simple instructions," which conflicts with "detailed but uncomplicated instructions." No. CV 14-864 CG, (Doc. 28 at 28). Although Ms. Brookbank insists her limitation to simple tasks is only consistent with level one reasoning, the Tenth Circuit explicitly rejected that argument in *Stokes*. 274 Fed. Appx. at 684. The Court therefore finds that the VE's testimony that Ms. Brookbank can perform reasoning level two jobs does not conflict with the DOT.

V.     Conclusion

For the foregoing reasons, the Court finds that the VE's testimony did not conflict with the DOT as to reasoning level two jobs. The ALJ's error regarding reasoning level three jobs was harmless because the remaining reasoning level two jobs exist in significant numbers in the national economy. **IT IS THEREFORE ORDERED** that Ms. Brookbank's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum*, (Doc. 16), is **DENIED**.

                                              THE HONORABLE CARMEN E. GARZA
                                              UNITED STATES MAGISTRATE JUDGE